THE TOWN OF CORNING, Respondent, *v.* CHARLES HEAD, Appellant.

*Highway, obstruction — recovery of the penalty provided by section 104 of chapter 568 of 1890 — notice of the obstruction, unnecessary.*

Where premises have been dedicated as a highway and used as such by the public for more than twenty years, and have been accepted and worked by the authorities as a highway, they become a legal highway, and a person obstructing the same is liable for the penalty provided by section 104 of chapter 568 of the Laws of 1890.

In order to maintain an action brought to recover the penalty provided for by section 104 of such act, it is not necessary to give the person obstructing such premises, notice of the obstruction, specifying the extent and location thereof, and to direct him to remove the same within sixty days, as is provided by section 105 of such act.

Appeal by the defendant, Charles Head, from a judgment of the County Court of Steuben county in favor of the plaintiff, rendered on the 2d day of January, 1894, upon the verdict of a jury and entered in the office of the clerk of the county of Steuben.

*George T. Spencer,* for the appellant.

*E. C. English,* for the respondent.

Lewis, J.:

This action was originally brought in a Justice's Court, under section 104 of the Highway Law of 1890 (Chap. 568) to recover of the defendant a penalty of five dollars for obstructing a highway in the village of Gibson, Steuben county.

The defendant interposed a plea of title and the action was thereafter brought in the County Court, and the trial resulted in a verdict for the plaintiff for a penalty of five dollars, and from the judgment entered thereon an appeal was taken to this court.

The plaintiff gave evidence tending to show that at an early day the owners of the land now comprising the village of Gibson and including the premises in question caused to be made a map, on which the premises in dispute were laid out as a street. The undisputed evidence tended to show that thereafter for thirty or forty years the public used the street thus laid down on said map as a highway.

Said street extended from Main street in said village westerly to and across Park street; the highway authorities, while said way was so used, indicated an acceptance thereof as a highway by working and repairing the same from time to time. After it had been so used and occupied, the defendant purchased a lot, the boundaries of which included the premises in dispute, and thereupon he erected a fence across the entire width of said way at the point where it intersected Main street, which prevented the public from using the street as they had been accustomed to do, and it was for this obstruction that the action was brought.

It was conceded upon the trial that proceedings had never been taken by the highway authorities to lay out this street as a highway; neither had it ever been ascertained, described and entered of record as a highway in the records of the town; neither was there any

FIFTH DEPARTMENT, MARCH TERM, 1895.          [Vol. 86.

proof of any direct, actual notice to the defendant of the existence of the highway or requiring him to remove the obstruction.

The premises in dispute having been dedicated as a highway, and used as such by the public for more than twenty years, and having been accepted and worked by the authorities as a highway, became a legal highway. (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *City of Cohoes* v. *D. & H. C. Co.*, 134 id. 397.)

The defendant having obstructed it became liable to the penalty provided by section 104 of the Highway Law, which provides that " whoever shall obstruct or encroach upon any highway   *   *   * shall forfeit for every such offense the sum of five dollars."

It was not necessary to give the defendant notice of the obstruction specifying the extent and location thereof, and direct him to remove the same within sixty days, as is provided by section 105 of the Highway Law. The latter section provides for a penalty of twenty-five dollars for not removing an encroachment. This action was not brought under that section, but under section 104, as stated, and the authorities to which our attention is called by the appellant's counsel holding that the statutory penalties for encroachments are not applicable to highways, except such as have been laid out, or have been ascertained, described of record and entered in the town clerk's office, have no application to cases arising under section 104.

The testimony of David Kimball, to the effect that he had heard Butler S. Wolcott state that there was a road through there and that it must not be occupied with lumber, was not competent evidence, for Wolcott was not shown to have had title to the premises at the time of making the declaration, but was simply occupying adjoining premises. The error, however, was not of sufficient importance to justify our granting a new trial.

The existence of the highway was so clearly established by other competent evidence, which was not in any way contradicted, that Wolcott's declarations cannot, with any propriety, be claimed to have had any effect upon the verdict. We see no reason for disturbing the judgment. It should be affirmed, with costs.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment of the County Court affirmed, with costs.